FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 15 2016

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

MICHAEL C. ORMSBY
United States Attorney
Tyler H.L. Tornabene
Assistant United States Attorney
Hannah Hadland
Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DYLAN T. ABRAMS,<br><br>Defendant. | Case No.: 2:15-PO-269-JTR<br><br>UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, Tyler H.L. Tornabene, Assistant United States Attorney, and Hannah Hadland, Law Clerk, and Defendant, DYLAN T. ABRAMS, and the Defendant's counsel, J. Stephen Roberts, Jr., of the Federal Defenders of Eastern Washington and Idaho, agree to the following Unsupervised Pre-Trial Diversion Agreement ("Agreement").

Unsupervised Pre-Trial Diversion Agreement - 1

## CHARGES AND POTENTIAL OUTCOMES

The Defendant is before the Court currently charged by mandatory Notice of Violation # 3315371 (2:15-PO-269-JTR) for Failure To Comply With a Lawful Order, in violation of 36 C.F.R. § 327.24(b).

This offense is a Class B misdemeanor and the Defendant understands that if a conviction occurs, he will be subject to a sentencing which may include no more than six (6) months imprisonment, and/or a $5,000 fine, a $10.00 special penalty assessment, and a $25.00 Central Violations Bureau ("CVB") fee, and/or up to five (5) years probation.

## DEFENDANT'S CONSTIUTIONAL RIGHTS AND WAIVERS

I, DYLAN T. ABRAMS, hereby state that I have read this document in its entirety. I understand the conditions of my supervised pre-trial diversion following rights:

1. The right to a speedy and public trial in the place where the crime is alleged to have been committed;
2. The right at trial to question witnesses who testify on my behalf;
3. The right at trial to call witnesses to testify for me;
4. The right to present evidence and a defense;
5. The right to appeal a judgment of guilt.

The Defendant understands that he is entitled to a trial that would determine whether the United States could prove him guilty of the instant charge beyond a reasonable doubt. He does, voluntarily and with knowledge of the above rights, waive his right to a trial of this case by the Court.

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily waiving these rights.

## AGREED TO FACTUAL BACKGROUND

The United States and the Defendant stipulate and agree that the following facts are truthful and accurate and form a sufficient basis for a finding of guilt for Failing to Comply with a Lawful Order, in violation of 36 C.F.R. § 327.24(b); that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts can be used as a basis for making findings and entry of judgment per the terms of this Agreement.

On August 30, 2015, at around 11:50 a.m., in the Eastern District of Washington, the Defendant was identified by Natural Resource Specialist, Chris Lorz, while exercising his duties as a Park Ranger at the Illia Dunes Recreation Area. Officer Lorz observed the Defendant urinating next to the trail that led to the beach. Officer Lorz approached the Defendant, who then attempted to ignore Officer Lorz and walk away. Officer Lorz reintroduced himself and advised the Defendant that he needed to talk to him about urinating in public and that the Defendant was not free to go. The Defendant became very argumentative and attempted to walk away multiple times. The Defendant then said he had to go to the restroom. Officer Lorz told him to head to the parking lot where there were restrooms. The Defendant failed to follow Officer Lorz' directions and did not accompany Officer Lorz to the vehicle to retrieve his identification. Instead, the Defendant turned and ran away from Officer Lorz and away from the parking lot restrooms. With the help of other visitors, Officer Lorz and other rangers found the Defendant on the beach, wearing a wide brim hat and shirt that he had not been wearing originally. Officer Lorz then issued the Defendant a citation for violation

Unsupervised Pre-Trial Diversion Agreement - 3

of 36 C.F.R. § 327.24(b), Failure to Comply With a Lawful Order (Failure to Provide Identification).

### WHAT DEFENDANT PROMISES TO DO

1. The Defendant shall pay a fine of $100.00 payable by check or money order to the Central Violations Bureau, P.O. Box 71363, Philadelphia, PA 19176-1363 (or payable online at www.cvb.uscourts.gov) and may be paid in installments of no less than $25.00 dollars per month until paid in full. by March 15, 2017.

2. The Defendant agrees to pay the $25 mandatory CVB fee to the Central Violations Bureau, at or before or immediately after sentencing, and shall provide a receipt from the CVB to the United States as proof of this payment.

3. The Defendant shall perform 30 hours of community service before March 15, 2017. The community service hours performed by the Defendant must be with a 501(c)(3) organization with which neither the Defendant nor his immediate family has any past or current affiliation.

4. The Defendant shall provide the U.S. Attorney's Office for the Eastern District of Washington with written documentation as proof of the completed community service by March 15, 2017. Written documentation must include the name, signature, and contact information of the supervisor.

5. Written documentation must be mailed to:
> United States Attorney's Office for the Eastern District of WA
> c/o Hannah Hadland
> Post Office Box 1494
> Spokane, WA 99210-1494

Unsupervised Pre-Trial Diversion Agreement - 4

The Defendant must also speak with a law clerk for the Spokane Petty Offense Docket by calling (509) 353-2767 to confirm that proof of completed community service was received by the United States Attorney's Office.

6. The Defendant shall not violate nor be charged with or convicted of any criminal violations under federal, state, or local law before this cause is dismissed without prejudice, or judgment is entered, per the terms of this Agreement. Civil and Non-Criminal Traffic Infraction violations will not constitute a violation of this Agreement.

7. The Defendant agrees to report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington through his attorney within three (3) business days of the potential violation. This communication should be done by telephone to (509) 353-2767.

**WHAT THE UNITED STATES AGREES TO DO**

If the Defendant complies with all the obligations mentioned above, no prosecution for the conduct set out in the Factual Background section of this Agreement will be instituted in the Eastern District of Washington and the United States agrees to dismiss these charges without prejudice.

**BOTH PARTIES AGREE TO THE FOLLOWING PROCESS**

If the Defendant complies with all the obligations mentioned above, no additional prosecution for conduct in the Factual Background will be instituted in the Eastern District of Washington and the United States agrees to dismiss the charge(s) without prejudice.

**BOTH PARTIES AGREE TO THE FOLLOWING PROCESS**

1. The Defendant agrees that this case shall be continued until March 15, 2017, and thereafter dismissed, without prejudice upon motion by the United

Unsupervised Pre-Trial Diversion Agreement - 5

States, provided the Defendant abides by all the conditions and requirements herein outlined.

2. Understands that if he fails or neglects to comply with any part of the terms and conditions of the Agreement, then the Court will hold a hearing to determine whether judgment should be entered as charged for Failure to Comply With a Lawful Order in violation 36 C.F.R. § 327.24(b). After the hearing, the Court will either order that Defendant continue with the conditions of his unsupervised pre-trial diversion, order additional conditions, or be removed from pre-trial diversion and enter judgment on the charges.

3. Should there be a violation of the terms of this Agreement, however, and the Agreement is revoked, a conviction for the charged offenses may be imposed pursuant to the procedures outlined herein. If a conviction occurs, the Defendant understands he will be subject to a sentencing which may include up to 6 months imprisonment and/or a $5,000 fine.

4. Agrees that if the Court revokes the order granting this unsupervised pre-trial diversion, the facts from the Factual Background above as well as Incident Report, authored by Officer Chris Lorz, and any attachments thereto, will be admissible as evidence to be used to support a finding of guilt when the Court enters judgment. Defendant understands that by agreeing to this process, he is giving up certain Constitutional rights. He specifically acknowledges that he is giving up the right to a trial, the right to testify or not to testify, the right to question witnesses, the right to call witnesses on his own behalf, and the right to present evidence or a defense.

5. Both Parties agree that the Court has not yet issued any factual findings with regards to a finding of Guilt by the Defendant.

## DEFENDANT'S ACKNOWLEDGEMENT

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily waiving these rights. I further understand that by continuing these charges until March 15, 2017, I am agreeing to follow the procedures outlined in this Agreement.

I, DYLAN T. ABRAMS, hereby state that I have read this document in its entirety. I understand the conditions of my unsupervised pre-trial diversion and agree that I will comply with those conditions.

_____   03/15/2016
DYLAN T. ABRAMS                     Date
Defendant

_____   3/15/16
J. Stephen Roberts Jr.                  Date
Attorney for the Defendant

_____   3-15-16
Tyler H.L. Tornabene                    Date
Assistant United States Attorney

_____   03-15-16
Hannah Hadland                          Date
Law Clerk

Unsupervised Pre-Trial Diversion Agreement - 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DYLAN T. ABRAMS,

Defendant.

Case No.: 2:15-PO-269-JTR

ORDER GRANTING UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT

Upon consideration of the parties' Unsupervised Pre-Trial Diversion Agreement, and being fully advised of the facts and circumstances of this case, the Court finds the Defendant has agreed to comply with the terms and conditions of the Unsupervised Pre-Trial Diversion Agreement; that the Court finds the Defendant has acknowledged the admissibility of the stipulated facts and law enforcement reports in any criminal hearing on the underlying offense or offenses held subsequent to revocation of the order granting pre-trial diversion; that the Defendant's statements were made knowingly and voluntarily; and that the Defendant has knowingly and intelligently waived his Constitutional and statutory rights to a speedy trial, to question those witnesses against him, to call witnesses on his behalf, and to present evidence or a defense at trial.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Defendant is accepted for unsupervised pre-trial diversion;

2. The Defendant shall comply with all the terms and conditions as set forth in the Unsupervised Pre-Trial Diversion Agreement;

Order Granting Unsupervised Pre-Trial Diversion Agreement - 1

3. If the Court finds that the Defendant violated any term of the Unsupervised Pre-Trial Diversion Agreement, the Court shall make findings pursuant to the procedures outlined in the Agreement.

_____        3-15-16
HON. John T. Rodgers                   Date
United States Magistrate Judge

Order Granting Unsupervised Pre-Trial Diversion Agreement - 2